THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY<br><br>    Plaintiff,<br><br>    v.<br><br>MANSION LIVE, LLC d/b/a MANSION LIVE and MICHEL UZHCA<br><br>    Defendants. | Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), by its undersigned attorneys, brings this Complaint for Declaratory Judgment against Defendants, MANSION LIVE, LLC d/b/a MANSION LIVE ("Mansion Live") and MICHEL UZHCA, and alleges as follows:

### STATEMENT OF THE CASE

1. Scottsdale seeks a judicial declaration that the insurance policy it issued to Mansion Live does not provide coverage, including a duty to defend or indemnify, against the underlying complaint, encaptioned *Michel Uzhca v. Mansion Live, LLC and Unknown Security Agent(s),* Cir. Ct. Cook Cnty., IL., No. 2025 M4 7889 ("Underlying Lawsuit"). In sum, the Underlying Lawsuit arises from an alleged assault and battery that allegedly injured Uzhca, such that the subject insurance policy's Total Assault and/or Battery Exclusion entirely precludes coverage for the Underlying Lawsuit.

### THE PARTIES

2. Plaintiff, Scottsdale is a corporation organized under the laws of Ohio with its principal place of business in Scottsdale, Arizona.

3. Defendant, Mansion Live, is and was at all relevant times an Illinois limited liability company. Its members are Anthony Quaranta and Nicholas Castaldo, each of whom is an Illinois citizen. Further, Quaranta is a resident of Cook County, IL, and Castaldo is a resident of DuPage County, IL.

4. Defendant Uzhca is a citizen of Cook County, IL and is named in this action as a necessary party because of his status as a plaintiff in the Underlying Lawsuit.

## JURISDICTION AND VENUE

5. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, Scottsdale, on the one hand, and Defendants, Mansion Live and Uzhca, on the other hand; and (b) the amount in controversy with regard to the Underlying Lawsuit exceeds $75,000, as the Underlying Lawsuit seeks damages allegedly resulting from personal injury to Uzhca. Further, Mansion Live seeks a defense paid for by Scottsdale in connection with the Underlying Lawsuit, which, alone, should exceed $75,000.

6. This Court may exercise personal jurisdiction over Mansion Live because it regularly transacts business in Illinois, is alleged to have engaged in tortious conduct in Illinois, and seeks insurance coverage, including a duty to defend, for a lawsuit pending in Illinois.

7. This Court may exercise personal jurisdiction over Uzhca because he is a citizen of Illinois.

8. Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Underlying Lawsuit occurred in this judicial district, the policy was issued in this district, and the Underlying Lawsuit is pending in Cook County, located in this district.

9. An actual justiciable controversy exists between Scottsdale, on the one hand, and Defendants, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is vested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## THE SCOTTSDALE POLICY

10. Scottsdale issued to Mansion Live a commercial general liability insurance policy, No. CPS7912444, effective from December 15, 2023 to December 15, 2024 ("Policy"). A true and correct copy of the Policy is attached hereto and incorporated herein as **Exhibit A.**

11. The Policy includes the Commercial General Liability Coverage Form (CG 00 01 04 13), which provides, in pertinent part, as follows with respect to "bodily injury" liability (Coverage A):

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply….
>
> \* \* \*

12. The Policy includes a Total Assault and/or Battery Exclusion (GLS-623 10-21), which modifies the Commercial General Liability Coverage Form and provides:

> The following exclusion is added to the Policy:
>
> **A.** This insurance does not apply to "bodily injury," … medical payments, "damages" or "injury" directly or indirectly arising out of, caused by, or in any way related to:
>
> 1. Assault and/or battery committed by any insured, any "employee" of any insured, or any other person; or
>
> 2. The attempt or failure to suppress or prevent assault and/or battery by any person in **1.** above; or
>
> 3. Any attempt by any person to avoid, prevent, suppress or halt any actual or threatened assault and/or battery; or
>
> 4. The selling, serving or furnishing of alcoholic beverages which results or is alleged to have resulted in an assault and/or battery; or
>
> 5. A failure to render aid before, during, or after an assault and/or battery; or
>
> 6. A failure to notify authorities or emergency personnel including, but not limited to, police and emergency medical technicians before, during, or after an assault and/or battery; or
>
> 7. The negligent:
>
>    a. Employment;
>    b. Investigation;

   c. Supervision;
   d. Hiring;
   e. Training;
   f. Monitoring;
   g. Reporting to the proper authorities, or failure to so report; or
   h. Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs **1., 2., 3.** or **4.** above; or

8. Any obligation to share damages with or repay someone else who must pay damages resulting from paragraphs **1.** through **7.** above; or

9. Liability of others assumed by an insured under any contract or agreement, either oral or in writing.

B. This exclusion applies regardless of any other cause or event that contributes concurrently or in any sequence to the assault and/or battery.

C. This exclusion applies regardless of whether the perpetrator of the assault and/or battery was in a position of control, dominance or authority over the victim.

D. This exclusion applies to all acts or omissions and all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort and shall not be subject to any severability or separation of insureds provision in the policy.

E. This exclusion applies regardless of whether the assault and/or battery was committed using physical force, weapons, firearms, or any combination thereof.

F. With respect to this exclusion, "bodily injury" or "injury" includes mental injury or distress, disability, or sexual dysfunction.

G. We will have no duty to defend any "suit" against any insured seeking injury or damages as a consequence of any assault and/or battery.

\* \* \*

## UNDERLYING LAWSUIT

13. The Complaint in the Underlying Lawsuit ("Underlying Complaint") alleges that on December 27, 2023, Uzhca was a lawful invitee at Mansion Live, LLC's ("Mansion Live") premises at 3801 W. Lake St., in Stone Park, Illinois. A true and correct copy of the Underlying Complaint is attached hereto and incorporated herein as **Exhibit B.**

14. The Underlying Complaint alleges that Mansion Live had a duty of reasonable care to

provide for Uzhca's safety and to supervise its employees to provide for the safety and security of all of its patrons, including Uzhca. However, on or about December 27, 2023, unknown security agent(s) of Mansion Live, without provocation, assaulted, battered, and struck Uzhca in the face and other parts of his body with their fists, inflicting serious injuries upon him.

15. Count I against Mansion Live alleges that Mansion Live committed one or more of the following negligent acts and/or omissions:

   a. keeping improperly trained security personnel on the aforesaid premises;
   b. failing to protect Plaintiff from reasonably foreseeable harm;
   c. failing to establish procedures adequate to maintain safety on the premises; and
   d. failing to instruct, train and/or supervise security personnel in the procedures adequate to correctly identify patrons causing problems prior to taking action.

16. Count I alleges that as a direct and proximate result of these negligent acts and/or omissions, Uzhca was seriously injured and sustained damages as a result. Count I seeks a judgment against Mansion Live for these alleged damages.

17. Although the Complaint also names "Unknown Security Agent(s)" as Defendants, there are no counts pled against these Defendants. Instead, Count II simply repeats the same allegations as Count I and then states that Uzhca seeks a judgment against Mansion Live.

## COUNT I – NO DUTY TO DEFEND

18. Scottsdale incorporates by reference paragraphs 1-17 above as if fully stated herein.

19. The Policy is subject to the Total Assault and/or Battery Exclusion, which provides that the Policy does not provide coverage for "bodily injury," medical payments, "damages," or "injury" directly or indirectly arising out of any assault and/or battery committed by any person.

20. The Underlying Complaint against Mansion Live is entirely premised upon the alleged battery and/or assault upon Uzhca, when he was allegedly attacked by security agents while he was leaving the premises with friends.

21. As a result, the Total Assault and/or Battery Exclusion, which further applies to the

failure to suppress or prevent an assault and/or battery, completely precludes all coverage under the Policy for the claims asserted against Mansion Live in the Underlying Complaint.

22. Hence, Scottsdale has no duty to defend Mansion Live in the Underlying Lawsuit.

### COUNT II – NO DUTY TO INDEMNIFY

23. Scottsdale incorporates by reference paragraphs 1-22 above as if fully stated herein.

24. Because Mansion Live cannot be liable under any theory in the Underlying Lawsuit that could potentially fall within the coverage of the Policy, by virtue of the Total Assault and/or Battery Exclusion, Scottsdale necessarily has no duty to indemnify Mansion Live against any adverse judgment or settlement in connection with the Underlying Lawsuit.

WHEREFORE, Plaintiff, SCOTTSDALE INSURANCE COMPANY, respectfully requests this Court to declare and adjudge the controversy as follows:

A. Scottsdale has no duty to defend Mansion Live in the Underlying Lawsuit;

B. Scottsdale has no duty to indemnify Mansion Live in the Underlying Lawsuit; and

C. All other relief this Court deems just and equitable under the circumstances, including the award of costs.

DATED: December 12, 2025                     Respectfully submitted,

                                             **FREEMAN MATHIS & GARY, LLP**

                                             /s/ *Jonathan L. Schwartz*
                                             Attorney for Scottsdale Insurance Company

Jonathan L. Schwartz (ARDC #6287338)
Jason S. Callicoat (ARDC #6285863)
FREEMAN MATHIS & GARY LLP
33 N. Dearborn St., Suite 1430
Chicago, IL 60602
Tel: (773) 389-6440
jonathan.schwartz@fmglaw.com
jason.callicoat@fmglaw.com